**JUDGE SWAIN**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA
:
          - v. -
:
MICHAEL KATZ and
CHRISTOPHER FARDELLA,
:
          Defendants.
:
- - - - - - - - - - - - - - - - x

**11 CRIM 872**

INFORMATION

11 Cr.     (LTS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: OCT 12 2011

COUNT ONE
(Conspiracy To Commit Securities Fraud and Mail Fraud)

The United States Attorney charges:

Relevant Persons and Entities

1.   At all relevant times, MICHAEL KATZ and CHRISTOPHER FARDELLA, the defendants, and two co-conspirators not named as defendants herein ("CC-1" and "CC-2", respectively), were partners at KMFG International, LLC ("KMFG"). At all relevant times, KMFG purported to be a hedge fund located in New York, New York, and in Fort Lauderdale, Florida. KMFG was incorporated in Florida.

2.   MICHAEL KATZ, the defendant, purported to be KMFG's Portfolio Manager with primary responsibility for managing KMFG's portfolio of investments.

3.   CHRISTOPHER FARDELLA, the defendant, purported to be KMFG's Treasurer, and his primary responsibility was to

convince prospective investors who had been previously contacted by telephone to invest with KMFG.

4. CC-1 was primarily responsible for making initial phone calls, also known as "cold calls," to solicit investors for KMFG.

5. CC-2 purportedly provided investment advice to the other KMFG partners.

### The Scheme To Defraud

6. From at least in or about April 2005 through and including in or about November 2006, MICHAEL KATZ and CHRISTOPHER FARDELLA, the defendants, CC-1, and CC-2, participated in a scheme to defraud investors in KMFG. Through this scheme, KATZ, FARDELLA, CC-1, and CC-2, solicited funds under false pretenses, failed to invest investors' funds as promised, issued false financial statements, and misappropriated and converted investors' funds to the personal benefit of KATZ, FARDELLA, CC-1, and CC-2, without the knowledge or authorization of the investors.

7. From at least in or about April 2005 through and including in or about November 2006, MICHAEL KATZ and CHRISTOPHER FARDELLA, the defendants, CC-1, and CC-2, successfully solicited approximately $1,031,086.26 from investors who agreed to invest their money with KMFG. Prospective investors were told, both orally and in writing, that KMFG was a hedge fund operated by

experienced managers with a track record of generating substantial trading profits for KMFG's investors. In truth and fact, KATZ, FARDELLA, and CC-1 had no experience running a hedge fund, and claims made to investors that KMFG had a positive rate of return were false.

    8. Beginning in or about April 2005, KMFG sent marketing materials to potential investors which displayed an address in New York, New York for KMFG. In or about April 2005, KMFG's marketing materials, which were mailed to potential investors, claimed that KMFG was managed by experienced financial professionals who had generated substantial profits for KMFG's investors. KMFG's marketing materials claimed, for example, that KMFG "has a management team consisting of hedge fund managers, traders, and top level executives from independent oil and gas companies." KMFG's marketing materials described its trading strategy as focused on "stocks that are overbought or oversold" and KMFG claimed that it employed a hedging strategy that made KMFG "relatively insensitive to world events, overall market events, [and other events]." The marketing materials claimed that this strategy was based on the trading strategy developed by "a current managing member of KMFG International on a separate equities fund" which had generated "cumulative returns for 30 months of over 165 percent!" The "current managing member" of KMFG referenced in the marketing materials was CC-2.

9.  Subsequent versions of KMFG's marketing materials, which were also mailed to potential investors, made additional claims about the financial experience of KMFG's partners: "The founding members of KMFG International are seasoned in all aspects of the investment banking industry as well as hard asset portfolio management." Certain subsequent versions of KMFG's marketing materials additionally claimed that, "[b]y utilizing a combination of equity trading and hard asset portfolio management the partners of KMFG International have shown cumulative returns for 36 months of over 165%." These same materials further stated that "[s]ince the inception of the KMFG International Fund[,] our managing members have continued to develop and maintain these strategies and have consisted [sic] to show stellar returns." These marketing materials displayed a chart showing purported "returns," described as a "net profit percentage," for the prior 6 months as follows: September 2005 about 3.9%; October 2005 about 4.1%; November 2005 about 1.7%; December 2005 about 8.2%; January 2006 about 4.9%; and February 2006 about 3.7%.

10. The final iteration of KMFG's marketing materials, which was distributed in or about 2006, claimed that KMFG had made "cumulative returns" of over 185% for 36 months, including positive returns of 5.3% in March 2006, 5.1% in April 2006, 5.9% in May 2006, 5.1% in June 2006, 6.1% in July 2006, and 5.4% in August 2006.

4

11.  After agreeing to invest with KMFG, KMFG's clients were directed to complete a "Financial Investment Agreement" which states that all notices or written communications were to be sent to KMFG's address in New York, New York.

12.  Contrary to the representations to investors that KMFG was managed by "seasoned" investment professionals and that KMFG had experienced positive rates of return for its investors, MICHAEL KATZ and CHRISTOPHER FARDELLA, the defendants, and CC-1 had no experience in operating a hedge fund.  In truth and fact, in 2005, KATZ, FARDELLA, and CC-1 lost hundreds of thousands of dollars of KMFG investor funds.  At no point did KMFG generate a profit for its investors from any of KMFG's investments.  The claim in KMFG's marketing materials that a then-current "managing member" of KMFG, CC-2, had achieved a 165% rate of return with a previous fund was also false.

13.  In addition, MICHAEL KATZ and CHRISTOPHER FARDELLA, the defendants, CC-1, and CC-2 used KMFG investor funds to, among other things, finance their lavish personal lifestyles and meet the periodic redemption requests of other investors.  To prevent KMFG investors from learning that KATZ, FARDELLA, CC-1, and CC-2 lost substantial sums of investor funds, KATZ, FARDELLA, CC-1, and CC-2 created and caused others to create false account statements that were mailed to KMFG investors to reflect

fictitious positive returns on their investments and which did not disclose the investors' actual losses.

14. From at least in or about April 2005 through and including in or about November 2006, MICHAEL KATZ and CHRISTOPHER FARDELLA, the defendants, CC-1, and CC-2 used hundreds of thousands of dollars of KMFG investor funds for lavish personal expenses, including trips to Las Vegas, purchases of food and alcohol, and cash withdrawals, which were not disclosed to KMFG's investors at any point.

15. In order to conceal the fact that MICHAEL KATZ and CHRISTOPHER FARDELLA, the defendants, CC-1, and CC-2 were misappropriating investor funds, and the fact that KMFG was never profitable, KATZ, FARDELLA, CC-1, and CC-2 agreed to submit false financial statements to KMFG's clients. CC-2 instructed KATZ, FARDELLA, and CC-1 on how to create the false financial statements so that their scheme would not be detected. KMFG clients continued to invest hundreds of thousands of dollars with KMFG after receiving false financial statements from KMFG which falsely showed that the clients were making profits.

### Statutory Allegations

16. From at least in or about April 2005 through and including in or about November 2006, MICHAEL KATZ and CHRISTOPHER FARDELLA, the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree

together and with each other to commit offenses against the United States, to wit: (1) securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff and Title 17, Code of Federal Regulations, Section 240.10b-5; and (2) mail fraud, in violation of Title 18, United States Code, Section 1341.

17.   It was a part and object of the conspiracy that MICHAEL KATZ and CHRISTOPHER FARDELLA, the defendants, and others known and unknown, willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, the mails and the facilities of national securities exchanges, would and did use and employ manipulative and deceptive devices and contrivances in connection with the purchase and sale of securities, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (1) employing devices, schemes and artifices to defraud; (2) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (3) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon other persons, in violation of Title 15, United States Code, Sections 78j(b) and 78ff.

18. It was further a part and object of the conspiracy that MICHAEL KATZ and CHRISTOPHER FARDELLA, the defendants, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice and attempting to do so, placed and caused to be placed in post offices and authorized depositories for mail matter, matters and things to be sent and delivered by the Postal Service, and deposited and caused to be deposited matters and things to be sent and delivered by private and commercial interstate carriers, and took and received therefrom such matters and things, and knowingly caused to be delivered, by mail and such carriers according to direction thereon, and at the places at which they were directed to be delivered by the persons to whom they were addressed, such matters and things, in violation of Title 18, United States Code, Section 1341.

### Overt Acts

19. In furtherance of the conspiracy and to effect its illegal objects, MICHAEL KATZ and CHRISTOPHER FARDELLA, the defendants, and others known and unknown, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

        a.    In or about December 2005, KMFG's marketing materials were mailed to a potential KMFG investor ("Investor-1") in New York, New York.

        b.    On or about December 12, 2005, KMFG deposited a $250,000 check drawn on Investor-1's bank account in New York, New York.

        c.    In or about April 2006, KMFG's marketing materials were mailed to a potential KMFG investor ("Investor-2") in Florida.

        d.    In or about October 2006, a false financial statement was mailed to Investor-2.

        e.    In or about October 2006, a false financial statement was mailed to an investor residing in Texas.

(Title 18, United States Code, Section 371.)

## COUNT TWO
### (Securities Fraud)

The United States Attorney further charges:

20.    The allegations contained in paragraphs 1 through 15, and 19, above, are hereby repeated, realleged and incorporated by reference as if fully set forth herein.

21.    From at least in or about April 2005 through and including in or about November 2006, in the Southern District of New York and elsewhere, MICHAEL KATZ and CHRISTOPHER FARDELLA, the defendants, willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce

and of the mails, and of the facilities of national securities exchanges, in connection with the purchase and sale of securities, would and did use and employ manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons.

(Title 15, United States Code, Sections 78j(b) & 78ff;
Title 17, Code of Federal Regulations, Section 240.10b-5;
and Title 18, United States Code, Section 2.)

## FORFEITURE ALLEGATIONS

22.   As the result of committing the securities and mail fraud offenses alleged in Counts One and Two of this Information, MICHAEL KATZ and CHRISTOPHER FARDELLA, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the

commission of the offenses, including but not limited to the following:

      a. At least $981,000.00 in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the charged securities and mail fraud offenses.

### Substitute Asset Provision

23.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants,

- a. cannot be located upon the exercise of due diligence;
- b. has been transferred or sold to, or deposited with, a third person;
- c. has been placed beyond the jurisdiction of the Court;
- d. has been substantially diminished in value; or
- e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above.

    (Title 18, United States Code, Section 981(a)(1)(C);
      Title 21, United States Code, Section 853(p);
    and Title 28, United States Code, Section 2461.)

*/s/ Preet Bharara*
-----------------------------
PREET BHARARA
United States Attorney