UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT OF
NEW YORK
- - - - - - - - - - - - - - - - -x
                      :
UNITED STATES OF AMERICA,
                      :

      -v.-
                      :     11 Cr. 872 (LTS)

MICHAEL KATZ, and
CHRISTOPHER FARDELLA,       :

            Defendants.  :
- - - - - - - - - - - - - - - - -x

GOVERNMENT'S SENTENCING MEMORANDUM

PREET BHARARA
United States Attorney for
the Southern District of New
York, Attorney for United
States of America.

JASON P. HERNANDEZ
Assistant United States Attorney,
    Of Counsel.

<u>**GOVERNMENT'S SENTENCING MEMORANDUM**</u>

The Government respectfully submits this memorandum in advance of Michael Katz's and Christopher Fardella's sentencing for conspiracy to commit securities fraud and mail fraud and substantive securities fraud.  Katz and Fardella lied to investors about the financial success of their company, KMFG International, LLC ("KMFG"), and about their own financial acumen to induce investors to invest with KMFG.  They then lost nearly $1 million of investor funds to either bad trades or personal use of their investors' funds.  When confronted with the realities of these losses, the defendants lied to their investors, falsely telling them that their investments had made money, when not a single KMFG investor ever made a penny.  The defendants lied to buy themselves more time and to solicit even more funds from investors.  The defendants' crimes had a profound impact on honest investors, like Jimmy Edwards, who still feels the effects of the defendants' crimes six years later.  A sentence of a term of incarceration is thus appropriate and necessary for both defendants.

**I.   The Defendants' Crimes Merit A Term of Imprisonment**

The defendants, Michael Katz and Christopher Fardella, should be sentenced to a term of imprisonment for their unlawful use of investor funds for their personal enjoyment

and for lying to investors about virtually every important aspect of KMFG. A term of imprisonment is necessary to reflect the nature and circumstances of the offenses, the seriousness of the offenses, and the need for deterrence, among other reasons. *See* 18 U.S.C. § 3553(a). The Government acknowledges that the defendants cooperated in this case and provided information to the Government about other matters. While the Court should consider that cooperation when imposing sentence, it was not enough to justify a non-custodial sentence.

The defendants, along with Bret Grebow and Kristian Murphy-Fuhse, owned and operated a supposed hedge-fund called KMFG.[1] Indeed, KMFG is an acronym which stands for Katz, Murphy, Fuhse, and Grebow. From its very inception, KMFG misled potential investors about who was really running KMFG and KMFG's investment track record. KMFG's marketing materials falsely claimed that KMFG was operated by experienced financial professionals. (PSR ¶¶ 15-20). In fact, the KMFG principals, with the possible exception of Grebow, had very limited experience with hedge funds or managing sophisticated investments. KMFG's marketing materials also contained

---

[1] Kristian Murphy-Fuhse is awaiting sentencing before Judge Griesa for his role in the KMFG fraud. *See United States v. Murphy-Fuhse*, 12 Cr. 53 (TGP).

outright fabrications about KMFG's past financial success. (*Id.*).  In fact, KMFG has never generated a profit for its clients.

KMFG's marketing materials and "cold call" strategy were a success at raking in investors.  In total, KMFG received approximately $1,031,086.26 from investors.  (PSR ¶ 15). Almost immediately, however, KMFG began to lose its clients' money as a result of bad trades and the defendants' liberal withdrawal of their clients' funds for personal use.  (*Id.* ¶¶ 21-22).  The defendants used investor funds for fancy dinners, to make cash withdrawals, for trips to Las Vegas, and other luxuries.  (*Id.*).  In the end, the defendants and others lost approximately $981,000 out of the $1,031,086.26 in deposits from investors.  (*Id.* ¶ 26).

Rather than telling investors the truth about KMFG's dismal returns, the defendants, in conjunction with Grebow and Fuhse, concocted a scheme to lie to investors about the returns in their portfolios.  (PSR ¶¶ 14, 23).  The false financial statements led investors to believe that they were making money, when they were, in fact, losing money.  Investors like Jimmy Edwards, who submitted a victim impact letter to the Court, decided to invest even more money after they received the fraudulently inflated financial statements from KMFG.  As

one of KMFG's largest investors, Mr. Edwards lost $225,000 and his life has been substantially impacted by the fraud, as explained in his letter.

The defendants have argued that they were misled by Grebow and have attempted place at least some of the blame for their conduct on Grebow.  (Jt. Sent. Mem. In Supp. Of Variance and Alt. Sent at 1-4).  It should have been readily apparent to the defendants that if Grebow's success was built on lying to investors and using investor funds for personal expenses that Grebow was not a Wall Street whiz but a fraudster.  The defendants may have gone into KMFG with good intentions, but it was clear very early on that lying to investors was a central aspect of the KMFG marketing pitch.  As the financial losses grew, so too did the lies that the defendants told the investors.

The defendants have also argued that they intend to make restitution and they ask the Court to not impose a term of imprisonment so that they can more easily make restitution. (Jt. Sent. Mem. In Supp. Of Variance and Alt. Sent at 11). That argument, however, is unavailing.  It has been six years since the books closed on KMFG.  In that time, the only meaningful restitution that has been made by any of the KMFG defendants was a $100,000 payment to Michael Katz's close

4

personal friend Cyrus Zafaranloo.[2]  None of the other victims,
such as Mr. Edwards, have received a dime in restitution since
the Fall of 2006.  If the defendants really intended to make
restitution, they would have already.

In sum, the defendants' crimes were egregious and merit
punishment.  Indeed, the Probation Office has recommended a
sentence at the top of the Guideline Range in this case.  (PSR
at 21).

## II.  The Defendants' Cooperation

The Government acknowledges that the defendants cooperated
in this case.  They readily admitted their guilt when they
were interviewed by Postal Inspectors; they provided
information about other investigations which did not result in
any additional arrests, but not for reasons that had anything
to do with the defendants' willingness to cooperate; and they
agreed to pro-actively cooperate, if asked.  The Government
also acknowledges that the Court should consider the
defendants' cooperation as a pertinent Section 3553(a) factor
and afford it whatever weight the Court deems is proper.
While the Court should credit the defendants for their
cooperation, the Government believes that the cooperation in
this case was not substantial enough to merit a sentence which

---

[2] Mr. Zafaranloo also submitted a letter to the Court.

does not include incarceration.

## **CONCLUSION**

The defendants should be sentenced to a term of imprisonment which takes into consideration all of the pertinent sentencing factors.

Dated:      September 17, 2012
            New York, New York


                              Respectfully submitted,

                              PREET BHARARA
                              United States Attorney

                                  /s/ J.P.H.
                         By:_____
                              Jason P. Hernandez
                              Assistant United States Attorney
                              Tel: (212) 637-1024
                              Fax: (212) 637-2620